# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CIVIL ACTION NO. 5:13-CV-00193-TBR

STACY L. PARTIN, Plaintiff,

v.

RON H. TILFORD, Defendant.

## MEMORANDUM OPINION AND ORDER

In *Partin v. Tilford*, No. 5:13-CV-00193-TBR, 2015 WL 1393262 (W.D. Ky. Mar. 25, 2015), the Court answered two questions which Stacy Partin, proceeding *pro se*, asks the Court to reconsider. (R. 89 at 1–3 (First Motion to Reconsider); R. 91 at 1–4 (Second Motion to Reconsider).) In that opinion, the Court denied Partin leave to name two additional defendants and declined to appoint an expert witness under Federal Rule of Evidence 706(a).

The Court may reconsider interlocutory orders under either Federal Rule of Civil Procedure 54(b) or its inherent, common law authority to control the administration of the case before it. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991); *see also Simmerman v. Ace Bayou Corp.*, 304 F.R.D. 516, 518 (E.D. Ky. 2015). Reconsideration of an interlocutory order is appropriate where "there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quoting *Rodriguez*, 89 F. App'x at 959) (internal quotation marks omitted). The standard vests the Court with "significant discretion." *Rodriguez*, 89 F. App'x at 959 n.7.

1

Partin's original filings in this case presented questions which the Court worked diligently to resolve, mindful of its responsibility to construe *pro se* allegations broadly to serve the interests of justice. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Partin essentially presents those same arguments with greater urgency in response to the Court's opinion. He identifies no change in controlling law and no new evidence of note, but rather argues that the Court committed clear error in its earlier opinion. The Court has reviewed its original opinion in light of any new or better arguments Partin has made. It is satisfied with its original judgment and does not consider further explanation or discussion of the case to be necessary. The Court stands by its original decision for the reasons stated then.

Being otherwise sufficiently advised;

**IT IS HEREBY ORDERED** that Stacy L. Partin's Motion to Reconsider (R. 89) and Motion to Reconsider Denial of Funds to Employ Expert (R. 91) are **DENIED**.

**IT IS SO ORDERED.**

Date:

cc: Plaintiff, *pro se*
Counsel of Record