UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

STACY L. PARTIN                                                                                         PLAINTIFF

v.                                                              CIVIL ACTION NO. 5:13-cv-00193-CRS

RON TILFORD                                                                                            DEFENDANT

## MEMORANDUM OPINION

Defendant Ron Tilford moves the Court for summary judgment on *pro se* Plaintiff Stacy L. Partin's Section 1983 and Kentucky medical negligence claims. The Court will grant Tilford's motion.

## BACKGROUND

Partin is incarcerated at the Kentucky State Penitentiary. Prior to incarceration, he experienced extensive problems with his right eye stemming from an accident when he was five years old. His vision was "basically non-exist[e]nt, though [he] could detect some light and shape." Compl. 4, ECF No. 1. In May 2012, while incarcerated at the penitentiary, he began to experience an odd pain in the eye. Two months later, he could "no longer detect any light at all." *Id.* 4 – 5.

After discussing these issues with a prison optometrist, the optometrist referred Partin for medical care to a retinal surgeon – Tilford. On November 6, 2012, Tilford performed surgery in an attempt to reattach the retina in Partin's right eye. The parties dispute whether the surgery was necessary or advisable and whether Partin complied with Tilford's post-operative medical

1

directives. Post-operation, Partin's retina slightly detached. He also experienced corneal clouding and other post-operative complications.

## STANDARD

Before granting a motion for summary judgment, the Court must find that "there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The non-moving party must show that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence ... of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## DISCUSSION

1. Section 1983 Claim

Under the Prison Litigation Reform Act of 1995, prisoner litigation brought under Section 1983 may only be brought after a prisoner has exhausted available administrative remedies. *See* 42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner ... until such administrative remedies as are available are exhausted"); *see also*, *Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). The Kentucky State Penitentiary offers prisoners the opportunity to file grievances. *See* Inmate Grievance Proc., ECF No. 57-10. Prisoners may file an administrative grievance for general issues or, as here, for healthcare issues that arise while the inmate is

incarcerated at the Kentucky State Penitentiary. *Id.* 7 – 14. While the grievance procedure does not specify whether it should be used for complaints against private doctors, the procedure's general language covers *any* health-related issues. *See, e.g.*, *id.* 13 ("A health care grievance may pertain to more than one health care issue."). The grievance procedure does not restrict healthcare issue complaints to those arising within the penitentiary. Instead, the grievance procedure covers inmate complaints for any healthcare related issue during the individual's incarceration.

Partin has not filed any internal grievances against Tilford. *See* Pl.'s Mot. to Quash Subpoena 1 – 2, ECF No. 39 (noting "no such grievance [against Tilford] has been filed"). Under the Prison Litigation Reform Act, Partin may only bring his suit after exhausting the available administrative remedy – filing a grievance in accordance with the Kentucky State Penitentiary's inmate grievance procedures. Partin has not done so. Therefore, the Court will grant Tilford's motion for summary judgment on Partin's Section 1983 claim.

2. <u>State Law Medical Negligence Claim</u>

Partin alleges Tilford was negligent in deciding to and in performing surgery on his right eye. Under Kentucky law, "Except in limited factual circumstances … the plaintiff in a medical negligence case is required to present expert testimony that establishes (1) the standard of skill expected of a reasonably competent medical practitioner and (2) that the alleged negligence proximately caused the injury." *Andrew v. Begley*, 203 S.W.3d 165, 170 (Ky. Ct. App. 2006). "To survive a motion for summary judgment in a medical malpractice case in which a medical expert is required, the plaintiff must produce expert evidence or summary judgment is proper." *Id.*

There are two exceptions to the expert testimony requirement. Each exception relies on the *res ipsa loquitur* doctrine.

> One exception involves a situation in which "'any layman is competent to pass judgment and conclude from common experience that such things do not happen if there has been proper skill and care'; illustrated by cases where the surgeon leaves a foreign object in the body or removes or injures an inappropriate part of the anatomy. The second occurs when 'medical experts may provide a sufficient foundation for *res ipsa loquitur* on more complex matters.'" An example of the second exception would be the case in which the defendant doctor makes admissions of a technical character from which one could infer that he or she acted negligently.

*White v. Norton Healthcare, Inc.*, 435 S.W.3d 68, 76-77 (Ky. Ct. App. 2014) (quoting *Begley*, 203 S.W.3d at 170 – 71) (internal citations omitted); *see also Dennison v. Hardin Cty. Det. Ctr.*, Civil Action No. 3:14-CV-P378-DJH, (W.D. Ky. Feb. 24, 2016); *Reynolds v. Elizabeth*, Civil Action No. 1:11CV-P142-M, (W.D. Ky. Sept. 29, 2015).

The Court agrees with Tilford that he is entitled to summary judgment as a matter of law on Partin's medical negligence claim. Partin has failed to produce any expert witness evidence critical of the care he received in this matter. Contrary to Partin's assertions, an expert witness is necessary. Whether surgery is advisable for a particular patient is almost always an issue of medical judgment. Here, a layperson could not conclude Tilford performed an unnecessary surgery on Partin's right eye when there is ample medical history of Partin's recent problems with that eye.

Likewise, determining whether surgery was properly performed almost always requires an expert familiar with the procedure performed. Here, a layperson could not conclude Tilford performed the surgery improperly without at least the proper evidentiary foundation of what a

4

proper retinal operation entails. There is no such foundation. The *res ipsa loquitur* exceptions to the medical expert requirement do not apply in this matter.[1]

Partin has not presented the required expert testimony establishing the requisite standard of skill, nor has he presented evidence that Tilford's alleged negligent actions caused the injury. Therefore, the Court will grant Tilford summary judgment on Partin's state law medical negligence claim.

## CONCLUSION

The Court will grant Tilford's motion for summary judgment.

The Court will enter a separate order in accordance with this opinion.

June 6, 2016

Charles R. Simpson III, Senior Judge
United States District Court

---

[1] Partin also mentions that he discovered a burn on his wrist after surgery. In Partin's proffered exhibits, Partin acknowledges he was uncertain of the burn's providence. *See* Nov. 8, 2012 Partin Letter, ECF No. 90-4. Assuming the existence of this injury, Partin has failed to offer sufficient evidence that Tilford's allegedly negligent actions caused the burn. *Begley*, 203 S.W.3d at 170 (noting that the claimant must prove "that the alleged negligence proximately caused the injury"). Indeed, Partin's submitted evidence suggests otherwise. In Partin's letter after the surgery, he writes that he "assume[s] the nurse accidently placed something hot next to [his] hand during surgery or [he] inadvertant[ly] jerked it onto something hot." Nov. 8, 2012 Partin Letter.