UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

STACY L. PARTIN                                                    PLAINTIFF

v.                                                  CIVIL ACTION NO. 5:13-cv-00193-CRS

RON TILFORD                                                 DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff Stacy L. Partin moves this Court under Fed. R. Civ. P. 59(e) to alter or amend its June 7, 2016 order granting Defendant Ron Tilford's motion to dismiss without prejudice. The Court will deny this motion.

The purpose of Rule 59 is to allow district courts to correct their own errors immediately following the entry of judgment. *See White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982); *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). The Court may grant a Rule 59 motion only if the plaintiff demonstrates that there is either "a clear error of law; …newly discovered evidence or an intervening change in the controlling law; or …manifest injustice." *Heil Co. v. Evanston Ins. Co.*, 690 F.3d 722, 728 (6th Cir. 2012) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). Rule 59 motions are not opportunities for giving an unsuccessful litigant another shot with the same arguments and facts to persuade the judge. *Castro v. Morris*, No. 3:12-CV-74-S (W.D. Ky. Sept. 12, 2012). Rule 59(e) motions to alter or amend judgments "are extraordinary and sparingly granted." *Marshall v. Johnson*, No. 3:07-CV-171-H (W.D. Ky. Apr. 19, 2007).

In the present motion, Partin submitted arguments and evidence similar to those previously provided – and that this Court previously rejected. For example, Partin cites his own previously filed memoranda in rearguing his positions this Court has already considered. *See* Pl.'s Mot. Alter or Amend 2, 3 – 5, ECF No. 123. Partin has not shown an error of law, submitted newly discovered evidence, cited an intervening change in the controlling law, or presented a manifest injustice. This Court dismissed Partin's complaint *without prejudice* due to his failure to exhaust administrative remedies required under the Prison Litigation Reform Act of 1995, Pub. L. No. 104–134, 110 Stat. 1321 (1996). Regardless of the merit of Partin's underlying complaint, failure to exhaust these remedies warrants dismissal without prejudice of the prisoner's claims. *See Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 994 (6th Cir. 2004). This allows Partin to file these claims in the manner contemplated under 42 U.S.C. § 1997e.

The Court will deny Partin's motion under Rule 59(e) to alter or amend judgment.

The Court **DENIES** Plaintiff Stacy L. Partin's motion to alter or amend judgment (DN 123).

**IT IS ORDERED.**

August 2, 2016

Charles R. Simpson III, Senior Judge
United States District Court